IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY ADAMS, | ) | CASE NO. 1:14 CV 1450 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JASON BUNTING, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before me[1] is the petition of Larry Adams, proceeding *pro se*, for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Adams was convicted by an Ashtabula County Court of Common Pleas jury and was found guilty of three counts of trafficking heroin and one count of possession of heroin.[3] Adams is serving a four-year aggregate sentence and is subject to post-release control after his prison sentence is served.[4] In addition to this sentence, the court

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary by non-document order dated July 9, 2014.

[2] ECF # 1.

[3] ECF # 6-17, at 94.

[4] *Id.* at 96.

has ordered that Adams's interest in certain real estate be forfeited.[5] Adams is currently incarcerated at the Marion Correctional Institution in Marion, Ohio.[6]

Adams initially indicates that he raises four grounds for habeas relief but later combines his first and second ground for a total of three grounds.[7] The State has filed a return of the writ arguing that the petition should be dismissed because ground one fails on the merits and grounds two and three are not federally cognizable claims.[8] Adams has filed a traverse.[9]

For the reasons that follow, I recommend that Adams's petition be denied in part and dismissed in part as is more fully set forth below.

---

[5] *Id.*

[6] Adams's current incarceration information can be found at http://www.drc.ohio.gov/OffenderSearch/deatils.aspx?id=A624883. Although Adams indicates that he is incarcerated in "Narion Corr. Inst." on his petition, there is no Narion Correctional Institutional in Ohio, and it appears that Adams intended to enter "Marion." ECF # 1. Regardless of this discrepancy, there is no dispute that Adams was incarcerated at the time he filed his writ.

[7] ECF # 1 at 6, 7, and 9.

[8] ECF # 5 at 15, 22, 23, and 28.

[9] ECF # 9.

# Facts

The facts that follow are a summary of the facts found in the decision of the state appeals court.[10]

## A.    Background facts, procedural history

The case against Adams arises out of the seizure of heroin after a search warrant for Adams's house was obtained and executed.[11]

During an operation conducted by police to target drug sales, two men, under the direction of the Trumbull Ashtabula Group Task Force, purchased what was suspected to be heroin from Adams at his house.[12] After these two "drug buys," and subsequent to scientific identification of the substance purchased during those buys as heroin, a search warrant was obtained, targeting the Adams residence.[13] The search was executed and various officers found various items on or near the property line of Adams's house, including a firearm, ammunition and drug production, and distribution paraphernalia.[14] A number of green spray painted Mason jars were found in a "burn pile" that was not on Adams's property; one of

---

[10] Facts found by a state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Summers v. Mata*, 449 U.S. 539, 546-47 (1981).

[11] ECF # 6-1, at 1.

[12] ECF # 6-1, at 1 and 2.

[13] *Id.*, at 2.

[14] *Id.*

these Mason jars contained a substance that tested positive for heroin.[15] Similar Mason jars were found inside of Adams's home along with a green spray paint can.[16] The spray paint contained within the can was tested and did not match the paint on the Mason jar found outside.[17] No heroin was found inside of Adams's home.[18]

An Ashtabula County Grand Jury issued an indictment, charging Adams with three counts of trafficking in heroin, one count of tampering with evidence, three counts of receiving stolen property, one count of having a weapon while under disability, and one count of possession of heroin.[19] The first three counts of trafficking heroine had forfeiture specifications regarding money found within Adams's home and regarding his interest in the real estate that was subject to search during the investigation.[20]

After the state had presented their case at trial, Adams requested acquittal on the charges regarding tampering of evidence, the fourth charge; the charges of tampering with

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*, at 1.

[20] *Id.*

-4-

evidence, five through seven; and having weapons while under disability, the eighth charge.[21] The trial court granted Adams's motion for acquittal on these charges.[22]

The remaining charges were submitted to a jury, which found Adams guilty on three counts of trafficking heroin and one count of possession of heroin.[23]

Adams filed an amended motion for acquittal along with a motion for a new trial, alleging prosecutorial misconduct and insufficient evidence;[24] these motions were overruled by the trial court.[25]

A sentencing and forfeiture hearing was held at which Adams was sentenced to four years of aggregated prison time.[26] Regarding forfeiture, the court ruled that Adams's home was used as a "base of operations" for his drug trade and so Adams's interest in the real estate was forfeited to the state.[27]

---

[21] *Id.*, at 3.

[22] ECF # 6-10.

[23] ECF # 6-1, at 3.

[24] ECF # 6-13.

[25] ECF # 6-15.

[26] ECF # 6-16, at 91 and 92.

[27] *Id.*

**B.    Direct Appeal**

*1.    Ohio Court of Appeals*

Adams filed a timely[28] notice of appeal with the Ohio Court of Appeals. In his brief,

Adams filed four assignments of error:

> ASSIGNMENT OF ERROR NO. 1: The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim.R.29(A), on the charge of possession of drugs, thereby entering a judgment of conviction of that offence which was not supported by the evidence.[29]

> ASSIGNMENT OF ERROR NO. 2: The trial court erred by entering a judgment of conviction of possession of drugs that was against the manifest weight of the evidence.[30]

> ASSIGNMENT OF ERROR NO. 3: The trial court erred in failing to grant the defendant's motion for mistrial.[31]

> ASSIGNMENT OF ERROR NO. 4: The trial court erred in ordering the forfeiture of defendant's real property.[32]

---

[28] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also, Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). An amended judgment was filed on June 7, 2012. ECF # 6-17. Adams filed his notice of appeal on June 26, 2012, 19 days later. ECF # 6-18. Thus, the appeal was timely.

[29] ECF # 6-20, at 115.

[30] *Id.*, at 118.

[31] *Id.*, at 119.

[32] *Id.*, at 122.

The State filed a brief in response.[33] On April 22, 2013, the Ohio appeals court overruled all three assignments of error and affirmed the decision of the trial court.[34]

## 2.    *The Supreme Court of Ohio*

Adams filed a timely[35] notice of appeal with the Supreme Court of Ohio.[36] In his brief in support of jurisdiction, he raised four propositions of law:

> Proposition of Law No. 1: The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim.R. 29(A), on the charge of possession of drugs, thereby entering a judgment of conviction of that offense which was not supported by sufficient evidence.[37]
>
> Proposition of Law No. 2: The trial court erred by entering a judgment of conviction of possession of drugs that was against the manifest weight of the evidence.[38]
>
> Proposition of Law No. 3: The trial court erred in failing to grant defendants motion for mistrial.[39]

---

[33] ECF # 6-21.

[34] ECF # 6-22, at 1.

[35] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also, Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010). As noted, the Ohio appellate decision was entered on April 22, 2013. ECF # 6-22. Adams's notice of appeal to the Ohio Supreme Court was filed on May 31, 2013, 39 days later. Thus, the appeal is timely.

[36] ECF # 6-24.

[37] ECF # 6-25, at 197.

[38] *Id.*, at 200.

[39] *Id.*, at 201.

Proposition of Law No. 4: The trial court erred in ordering the forfeiture of defendant's real property.[40]

The State waived its ability to file a response,[41] and the Supreme Court of Ohio declined jurisdiction on September 25, 2013.[42]

## C.    Petition for writ of habeas corpus

On June 6, 2014, Adams, *pro se*, timely filed[43] a federal petition for habeas relief.[44]

He raises three grounds for relief:

GROUND ONE: Insufficeint [sic] evidence/manifest weight to support any conviction[45]

GROUND TWO: Trial Court [sic] failed to grant a mistrial in violation of 5th and 14th amendments[46]

---

[40] *Id.*, at 203.

[41] ECF # 6-26.

[42] ECF # 6-27.

[43] The present petition for federal habeas relief was placed into the prison mailing system on June 20, 2014. A prisoner's petition is considered filed when it is given to prison authorities for direction to a district court. *Houston v. Lack*, 487 U.S. 266, 270 (1988). The petition was filed within one year of Adams's direct appeal in the Ohio courts so it is timely under 28 U.S.C. § 2254 (d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Adams's 90 days to file for a writ of certiorari were included in this calculation. Adams did not file for a writ of certiorari. ECF # 1 at 4.

[44] ECF # 1.

[45] *Id.* at 6.

[46] *Id.* at 8.

-8-

GROUND THREE: The trial court erred in ordering a $27,000.00 real estate forfeiture against this petitioner in violation of the 5th and 14th amends [sic][47]

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Adams is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was incarcerated at the time he filed his petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[48]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[49]

3.    In addition, Adams states,[50] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction sentence.[51]

4.    Finally, I conclude that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[52]

---

[47] *Id.* at 9.

[48] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[49] 28 U.S.C. § 2254(d)(1); *Bronaugh*, 235 F.3d at 283-84.

[50] ECF # 1 at 4.

[51] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

[52] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

**B.  Standards of review**

*1.  AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[53]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[54] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[55] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[56]

---

[53] 28 U.S.C. § 2254(d).

[54] *Williams v. Taylor*, 529 U.S. 362 (2000).

[55] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[56] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[57] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[58]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[59] and "highly deferential" to the decision of the state court.[60] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[61] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[62]

---

[57] *Williams*, 529 U.S. at 411.

[58] *Id.* at 409.

[59] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[60] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[61] *Richter*, 131 S. Ct. at 786.

[62] *Id.* at 786-87.

-11-

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[63]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[64] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[65] In such circumstances, the federal habeas court must give deference to the decision of the state court.[66]

### 2. *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[67] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[68] In such circumstances, a claim for federal habeas

---

[63] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[64] *Richter*, 131 S. Ct. at 784-85.

[65] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[66] *Brown*, 656 F.3d at 329.

[67] 28 U.S.C. § 2254(a).

[68] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

-12-

relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[69]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[70] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[71] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[72]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[73] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[74] and may not second-guess a state court's interpretation of its own procedural rules.[75] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[76] the Sixth Circuit has recognized that "'[e]rrors

---

[69] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[70] *Estelle*, 502 U.S. at 67-68.

[71] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[72] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[73] *Id.*

[74] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[75] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[76] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

-13-

that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[77]

## C. Application of standards

### 1. Ground one – a challenge to the sufficiency of the evidence – should be denied on the merits because the state court's adjudication of this claim was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia.*[78]

The standard for determining sufficiency of the evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[79] "Under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,'[80] but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law."[81]

On habeas review, federal courts must assume that the jury "resolve[d] conflicts in the testimony," "weigh[ed] the evidence," and drew "reasonable inferences" therefrom.[82] A court

---

[77] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[78] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[79] *Id.* at 317.

[80] *Id.* at 324 n.16.

[81] *Coleman v. Johnson*, ___ U.S. ___, 132 S. Ct. 2060, 2064 (2012).

[82] *Jackson*, 433 U.S. at 319; see also, *Walker*, 703 F.2d at 970.

-14-

should interfere with a jury verdict only to the extent necessary to guarantee the fundamental protections of due process of law.

To determine whether the state court unreasonably applied the sufficiency-of-the-evidence standard of *Jackson v. Virginia*, * * * "[f]irst, [the Court] must ask whether the evidence itself was sufficient to convict.... [and] [t]he inquiry ends if [the Court] determines that there was sufficient evidence."[83] Second, "[i]f [the Court] find[s] that the evidence is insufficient to convict, [the Court] must then apply AEDPA deference [to the state appellate court's sufficiency determination] and ask whether the state court was 'objectively unreasonable' in concluding that a rational trier of fact could find [petitioner] guilty beyond a reasonable doubt."[84] The result of this double deference is that "habeas corpus relief is appropriate based on insufficient evidence only where we find, after viewing the evidence

---

[83] *Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010) (citation omitted).

[84] *Id.* (citation omitted) [explanation added]; also see, *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (quoting *Jackson*, 443 U.S. at 319).

in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[85]

The state appeals court, applying the federal *Jackson* standard through its reliance on *State v. Jenks*[86] (which adopted the *Jackson* standard in Ohio) denied this claim on direct appeal, stating the following:

> *6 { ¶ 33} Adams raises a challenge as to the sufficiency and weight of the evidence only as it relates to his conviction on Count Nine, Possession of Heroin. Adams argues that the only evidence of drug possession is that the Mason jar containing heroin was found in a burn pile 101 feet from his residence, on adjoining property. He further argues that no physical evidence was submitted tying him to the jar of heroin.

---

[85] *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007); *also see*, *Coleman*, 123 S. Ct. at 2062, which states:

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury–not the court–to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Ibid. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

[86] *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 at ¶ 2 of the syllabus (1991) (superseded on other grounds by Constitutional Amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997)). This paragraph of the syllabus explicitly cites *Jackson* and indicates that its standard for determining sufficiency of the evidence is followed in Ohio.

{ ¶ 34} In order to convict Adams of Possession of Heroin, the State was required to prove, beyond a reasonable doubt, that he did "knowingly obtain, possess, or use" heroin. R.C. 2925.11(A).

{ ¶ 35} There is no dispute in the present matter that the Mason jar found outside in the burn pile contained 37.9 grams of heroin. The only question is whether it was possessed by Adams. "Possession of drugs can be either actual or constructive." (Citation omitted.) State v. Fogle, 11th Dist. No.2008–P–0009, 2009–Ohio–1005, ¶ 28. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. "Even if the contraband is not in a suspect's 'immediate physical possession,' the suspect may still constructively possess the item, so long as the evidence demonstrates that he 'was able to exercise dominion and control over the controlled substance.' " *Fogle* at ¶ 28, citing *State v. Lee*, 11th Dist. No.2002–T–0168, 2004–Ohio–6954, ¶ 41. To prove constructive possession, "[i]t must also be shown that the person was conscious of the presence of the object." *Hankerson* at 91, 434 N.E.2d 1362.

{ ¶ 36} In present case, the heroin in question was found in a glass Mason jar that was spray painted green and located outside, approximately 100 yards from Adams's home. Testimony established that, although police officers were unsure at the time of the search whether the heroin was on Adams's property, they later discovered that it was on an adjoining property. However, under the facts of this case, there was sufficient evidence to support a finding that Adams was in constructive possession of the heroin and his conviction was not against the manifest weight of the evidence.

{ ¶ 37} The Mason jar used to store the heroin was consistent with those found inside of Adams's home, in that it was the same or similar type and was painted green. Schultz testified that when he purchased heroin from Adams, it was removed from a glass jar. Green spray paint was found inside of the home, near a box of glass Mason jars, further supporting the conclusion that the jar of heroin found in the yard was Adams's and was used as part of his drug-selling operation. In addition, testimony was presented that several jars and lids found inside of Adams's home had dirt on them. Adams himself admitted that he was responsible for the items inside the home. The dirty jars inside of the home corresponded with the fact that the heroin jar was found outside, in a burn pile, on the ground. Together, these facts support a finding that although the heroin was not in Adams's immediate possession, he was

-17-

able to exercise control over the substance and that he was conscious of the item's presence.

*7 { ¶ 38} Also, to the extent that it has been argued that there was no DNA or fingerprints to tie Adams to the jar containing the heroin, we note that "constructive possession of contraband may be supported solely by circumstantial evidence" and physical evidence is not required. *Fogle*, 2009–Ohio–1005, at ¶ 30, citing *State v. Rollins*, 3rd Dist. No. 11–05–08, 2006–Ohio–1879, ¶ 22, citing *Jenks*, 61 Ohio St.3d at 272–273, 574 N.E.2d 492.

{ ¶ 39} Although Adams argues that the heroin was not actually located within the boundaries of his property, this alone is not grounds to determine that he was not in possession of the heroin. Defendants cannot be permitted to simply place illegal items on the edge of their property line in order to evade legal consequences for the possession of such items. This would be contrary to the general principle that individuals with access to a property but who do not own the property can be held to be in constructive possession of illegal items. *See State v. Mason*, 8th Dist. No. 78606, 2001 Ohio App. LEXIS 3019, *12 (July 5, 2001) (where defendant did not own the property on which the drugs were stored, she had access to the drugs and, therefore, was in constructive possession of the items). Further, it should be emphasized that testimony established that there were no visible houses, other than Adams's and a neighbor who lived across the street, from the burn pile, since there was a large amount of open space and a wooded area. Testimony also established that the two adjacent property owners both lived out of town and no evidence was presented to link the drugs to them.

{ ¶ 40} While Adams argues that he did not exercise exclusive control over the heroin, there is nothing to point to any other individuals controlling or accessing the heroin. However, regardless of whether other individuals may have access to the illegal items, this is not dispositive of whether Adams had constructive possession. State v. Jackson, 11th Dist. No.2002–A–0039, 2003–Ohio–5863, ¶ 31–37 (where other adults are living in a home, with access to the area where drugs were discovered, a defendant can still be found in constructive possession of drugs). The foregoing facts all lend support to the proposition that Adams had access to, and possession of, the heroin.

{ ¶ 41} Adams also argues that even if the heroin had been found within his property lines, possession cannot be inferred solely from mere access through ownership of the premises. However, as noted above, there was sufficient

evidence aside from just the proximity of the heroin to Adams's home to support a conviction.

{ ¶ 42} Finally, Adams asserts that since a judgment of acquittal was entered by the trial court on certain gun charges, based on the trial court's finding that there was a lack of evidence that Adams's possessed guns found outside of his home, the possession of heroin charge should have also been dismissed. However, the additional evidence linking the heroin outside of the home to the drug operation being conducted inside of the home distinguishes the possession of heroin charge from the weapons and stolen property charges.[87]

As the preceding analysis makes plain, the Ohio appeals court applied the clearly established federal law on the issue of sufficiency of the evidence to the facts of Adams's case and, after a careful review of that evidence under the relevant Ohio statute Adams was charged with violating, concluded that, taken in the light most favorable to the prosecution, there was sufficient evidence to convict Adams of the offense charged.

Inasmuch as that decision of the Ohio appeals court is entitled to deference from this Court if it was not an unreasonable application of *Jackson*, I recommend finding first that this decision was not an unreasonable application of clearly established federal law, and then recommend concluding that ground one of the petition should be denied on the merits.

2. ***Ground two – claiming a denial of due process because the trial judge abused his discretion in denying a mistrial – should be dismissed as a non-cognizable claim; or alternatively, denied because any error did not have a substantial and injurious effect or influence in determining the jury's verdict.***

Ground Two, which claims that Adams was deprived of a fair trial, hence due process, where the trial court failed to grant a mistrial, has not stated a cognizable claim for federal habeas relief, inasmuch as he alleges that, contrary to the state appellate court's ruling, the

---

[87] ECF # 6-1 at 4-5.

-19-

denial of his motion for mistrial amounted to an abuse of discretion or reversible error under Ohio law. Federal habeas corpus is available only to correct federal constitutional violations.[88] "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[89]

The decision whether to grant or deny a motion for mistrial rests within the sound discretion of the trial court.[90] Therefore, Adams's claim is subject to review only to the extent he alleges that testimony improperly elicited by the prosecutor during Damian Schultz's re-direct examination "so infected the trial with unfairness as to render the resulting conviction a denial of due process," which could not be remedied other than by declaring a mistrial.[91]

The alleged error must be examined within the context of the entire trial to determine whether it deprived the defendant of a fair trial.[92] Moreover, even assuming constitutional

---

[88] 28 U.S.C. §2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis*, 497 U.S. at 780; *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Barclay v. Florida*, 463 U.S. 939 (1983); *Smith v. Phillips*, 455 U.S. 209 (1982).

[89] *Estelle*, 502 U.S. at 67-68 ("it is not the province of a federal court to reexamine state-court determinations on state law questions.").

[90] *State v. Sage*, 31 Ohio St. 3d 173 (1987).

[91] *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-43 (1974); *see also Darden v. Wainwright*, 477 U.S. 168, 179-80, 182 (1986).

[92] *United States v. Young*, 470 U.S. 1, 11-12 (1985).

error occurred, federal habeas relief may not be granted unless the error "had a substantial and injurious effect or influence in determining the jury's verdict."[93] Thus, Adams must satisfy the *Brecht v. Abrahamson* standard before he may obtain federal habeas relief on his due process claim.[94]

The state appeals court, in adjudicating this claim, stated:

{ ¶ 58}While Adams asserts that the testimony regarding his "other acts," that Schultz purchased heroin from Adams at "other times" was inadmissible, **it must be emphasized that the statement in controversy was not allowed in by the trial court. After Shultz made the statement about getting other drugs from Adams, defense counsel objected. The trial court sustained the objection and stated, "I have to strike the last answer and the jury's instructed to disregard it." Further, during the jury instructions, the court instructed the jury that statements and answers stricken by the court "are not evidence and must be treated as though you never heard them." Therefore, the statement regarding any separate purchase of drugs was not before the jury for its consideration and whether the statement was legally admissible is not before this court. "A trial jury is presumed to follow the instructions given to it by the judge." *State v. Henderson*, 39 Ohio St.3d 24, 33, 528 N.E.2d 1237 (1988); *State v. Griesmar*, 11th Dist. No.2009–L–061, 2010–Ohio–824, ¶ 32 (the court's action of instructing the jury to disregard a comment was sufficient to render a purported error harmless, since the jury was presumed to follow the curative instructions). There is nothing in the record to indicate that the trial court's instruction was not followed in this matter.**

*9 { ¶ 59} Also, we cannot find that there was prejudice or a deprivation of Adams's right to a fair trial. **There was sufficient evidence through the testimony outlined above of the various drug deals and the possession of heroin before the jury, such that it was unnecessary to consider evidence**

---

[93] *See Calderon v. Coleman*, 525 U.S. 141, 145 (1998) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

[94] *See* ECF # 6-31, at 901, *Gordon v. Kelly*, No. 98-1905, 2000 WL 145144, at **12 (6th Cir. Feb. 1, 2000); ECF # 6-32, at 907-09, *Hensley v. McGinnis*, No. 98-1675, 1999 WL 685932, at **3-4 (6th Cir. Aug. 25, 1999).

**of a separate deal to convict Adams.** Since there was no prejudice or indication that Adams did not receive a fair trial, we cannot find that the trial court abused its discretion in failing to declare a mistrial.

{ ¶ 60} The third assignment of error is without merit.[95]

Thus, to the degree that this claim merely asserts a basis for relief as a result of an abuse of discretion by the trial court, the claim should be dismissed as non-cognizable. Further, to the extent that the claim is understood as raising a due process ground, the claim should be denied on the merits because the decision of the Ohio court in denying this claim was not contrary to the clearly established federal law of *Brecht*.

**3.     *Ground three – claiming a due process violation when the trial court ordered an allegedly excessive property forfeiture – should be dismissed as non-cognizable.***

Ground Three, which argues due process was violated where the trial court ordered $27,000.00 in real estate forfeited, was presented on direct appeal in the fourth assignment of error and proposition of law. In the state courts, Adams argued that the forfeiture was excessive where the monetary value of the real property was disproportionate to the monetary value of the crimes committed on the property.[96]

An excessive forfeiture claim does not challenge the underlying judgment of conviction and is non-cognizable in federal habeas.[97]

Ground Three should be ruled non-cognizable as a state law issue.

---

[95] ECF # 6-1, at 6 (bold added).

[96] *See* ECF # 6-20, at 123.

[97] *See Hart/Cross v. United States*, 145 F.3d 1331 (6th Cir. 1998).

## Conclusion

For the reasons stated above, the *pro se* petition of Larry Adams for a writ of habeas corpus should be denied in part and dismissed in part as is set forth above.

Dated: July 28, 2015                              s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[98]

---

[98] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).