IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry Adams,                                    Case No. 1:14 CV 1450

               Petitioner,         ORDER ADOPTING
                                    <u>REPORT & RECOMMENDATION</u>

    -vs-
                                    JUDGE JACK ZOUHARY

Jason Bunting,

               Respondent.

## INTRODUCTION

Before this Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), with a Return of Writ (Doc. 5), Traverse (Doc. 9) and Clarification (Doc. 10). This case was referred to Magistrate Judge William Baughman who filed a Report and Recommendation ("R&R") denying in part and dismissing in part the Petition (Doc. 11). Absent any objection from Petitioner Larry Adams, this Court adopted the R&R (Docs. 12–13).

After this Court issued its Order, Adams requested reconsideration, pursuant to Federal Civil Rule 60(b), arguing he never received the R&R (Doc. 14). This Court granted a request for more time (Doc. 15) and Adams filed Objections (Doc. 17). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's conclusions *de novo*. For reasons that follow, this Court overrules the objections and again adopts the R&R.

## BACKGROUND

The R&R sets forth the relevant factual and procedural background. Briefly, Adams was convicted of three counts of trafficking in heroin and one count of heroin possession (Doc. 6-10). The trial court sentenced Adams to four years of imprisonment and ordered him to forfeit his interest in his real property (Doc. 6-16).

Adams timely appealed his conviction to the Ohio court of appeals asserting the trial court erred in: (1) failing to grant a judgment of acquittal on the possession charge, thereby entering a judgment of conviction that was not supported by sufficient evidence; (2) entering judgment of conviction of drug possession that was against the manifest weight of evidence; (3) failing to grant Adams' motion for mistrial; and (4) ordering Adams to forfeit real property (Doc. 6-1 at 3). The appellate court overruled each assignment of error and affirmed the trial court judgment (*id.* at 7).

Adams filed a timely notice of appeal with the Ohio Supreme Court raising the same assignments of error he raised before the appeals court. The Ohio Supreme Court declined jurisdiction over the appeal (Doc. 6-27).

## OBJECTIONS

Adams objects to the statement in the R&R that two drug buys were made at his house (Doc. 11 at 3). At trial, the State presented evidence demonstrating the police made three controlled heroin buys from Adams, each beginning at his house. James Byler testified he discussed buying drugs from Adams at his house and later found heroin in a toolbox in Byler's truck after Adams called and said to look in the toolbox (Docs. 6-1 at ¶ 4; 6-28 at 132–33). Damien Schultz testified he twice bought drugs from Adams at his house (Docs. 6-1 at ¶¶ 5–6; 6-28 at 51–52, 58). The factual description in the R&R comports with the record.

Adams also objects that the R&R concluded "the green painted mason jars found <u>OUTSIDE</u> the property and even beyond the scope of the search warrant <u>MATCHED</u> green mason jars found inside this petitioner's home" (Doc. 17 at 2) (emphasis in original). Adams misstates the R&R's factual summary. The R&R explains that in executing a search warrant, the police found several green spray-painted Mason jars in a burn pile that was not on Adams' property, one of which contained heroin, and that "[s]imilar Mason jars" were found inside Adams' house along with a can of green spray paint (Doc. 11 at 4). The R&R correctly notes that the green paint can found in Adams' house did not match the green paint on the Mason jar found in the burn pile (*id.*).

Adams' objections to the R&R statement of facts are overruled. Accordingly, this Court adopts the R&R's recitation of the relevant factual and procedural background.

### STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *(Terry) Williams v. Taylor*, 529 U.S. 362, 404 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Id.* at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find [a state court decision] so arbitrary, unsupported or offensive

3

to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

## DISCUSSION

### Claim One: Sufficiency of the Evidence / Manifest Weight of the Evidence

Adams claims the State presented insufficient evidence to sustain his conviction for heroin possession because it did not prove beyond a reasonable doubt that the heroin found in the burn pile belonged to him. The R&R recommends denying Adams' claim because the Ohio appellate court's determination that the evidence at trial supported Adams' conviction was not an unreasonable application of clearly established federal law (Doc. 11 at 19). Adams objects that the appellate court relied on "improper and inaccurate facts" and therefore does not warrant deference (Doc. 17 at 3–5). After a *de novo* review of the record, this Court finds otherwise.

The Due Process Clause of the Fourteenth Amendment requires a state to prove every element of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979). The relevant question for a sufficiency-of-the-evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). A reviewing court must give full credit to the responsibility of the fact-finder to weigh the evidence, make credibility determinations, and draw inferences. *Id.* A reviewing court may set aside a verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the fact-finder. *Cavazos v. Smith*, ___U.S.___, 132 S. Ct. 2, 4 (2011) (per curiam). Moreover, a federal court may not overturn a state court decision rejecting a sufficiency-of-the-evidence challenge simply because the federal court disagrees with the state court; it may only overturn a state court decision that is

objectively unreasonable. *Id.* (citing *Renico v. Lett*, 559 U.S. 678, 686 (2010)); *see also Moreland v. Bradshaw*, 699 F.3d 908, 916–17 (6th Cir. 2012). This distinction creates "a substantially higher threshold" for obtaining relief. *Renico*, 559 U.S. at 686 (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

To convict Adams of heroin possession, the State was required to prove, beyond a reasonable doubt, that Adams did "knowingly obtain, possess, or use" heroin. R.C. 2925.11(A). "Possession of drugs can be either actual or constructive." *State v. Rollins*, 2006-Ohio-1879, at ¶ 22 (Ct. App.). Adams argues there was no physical evidence tying him to the heroin in the burn pile (Doc. 17 at 4). Even if the heroin is not in Adams' "immediate physical possession," Adams may still constructively possess it so long as the evidence demonstrates that he "was able to exercise dominion and control over the controlled substance." *State v. Fogle*, 2009-Ohio-1005, at ¶ 28 (Ct. App.).

At trial, the State presented evidence that the police found 37.9 grams of heroin in a green spray-painted Mason jar located in a burn pile 101 feet from Adams' house, on adjoining property (Doc. 6-29 at 30, 78–80). The heroin was inside a ziplock bag in a compressed pellet form (*id.* at 29–30, 80). Schultz testified that during the drug buy, Adams removed the heroin he sold Schultz from a glass jar (Doc. 6-28 at 57). In searching Adams' property, police found numerous Mason jars inside and around Adams' house, some of which had dirt on the lids (*id.* at 165–66; Doc. 6-29 at 78–82, 92–97). A box of clear jars was in the same room as a green can of spray paint that seemed "new" and "pretty full" (Docs. 6-29 at 209–11; 6-30 at 37–38). The police also found a press often used to compress packages of narcotics into pellets, a weighted scale, ziplock bags similar to the one containing the heroin, a vacuum sealer machine, and a digital scale (Doc. 6-29 at 90–96, 120–22). The State presented testimony that there was a slight trail between Adams' residence and the burn

5

pile, and there was no evidence linking the heroin to any other resident of Adams' house, or to the owners of the adjacent properties who lived out of town (*id.* at 169, 204–09).

Based on these facts, a rational trier of fact could have found that Adams possessed the heroin found in the burn pile. The Ohio court of appeals' decision is neither contrary to established precedent nor an unreasonable application of federal law. Claim One is without merit.

**Claim Two: Motion for Mistrial**

Adams alleges the trial court's failure to grant a mistrial deprived him of due process and prejudiced him (Doc. 1 at 7; Doc. 17 at 5–7). The motion for mistrial was based on Schultz's testimony that he bought drugs from Adams on "other occasions." Adams contends that eliciting this testimony deprived him of his rights under state and federal law and the testimony was inadmissible under Federal Evidence Rule 404(b). Based on an analysis under *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993), the R&R concluded Adams' claim should be dismissed as non-cognizable, or denied because any error did not have a substantial and injurious effect or influence in determining the jury's verdict (Doc. 11 at 19–20).

Even assuming Adams' claim is cognizable here, the alleged error did not deprive Adams of a fair and impartial trial. During re-direct examination, Schultz testified that in addition to the heroin he purchased from Adams during the controlled buys, he purchased heroin from Adams for his personal use "at other times" (Doc. 6-28 at 84). The trial court sustained counsel's objection to Schultz's statement, struck the offending answer, and immediately instructed the jury to "disregard it" (*id.*). The trial court repeated the instruction to disregard stricken testimony during the general jury charge (Doc. 6-30 at 124).

6

Both Ohio and federal courts presume a jury obeys the court's instructions. *Scott v. Mitchell*, 209 F.3d 854, 879 (6th Cir. 2000). Adams assumes he was prejudiced by Schultz's testimony, but provides no support that the jury drew improper inferences from the statement. The presumption holds that the trial court's repeated jury instruction cured any possible prejudice. The Ohio court of appeals' decision is neither contrary to established precedent nor an unreasonable application of federal law. Claim Two fails.

**Claim Three: Forfeiture**

Adams alleges the trial court's forfeiture order violated the Excessive Fine Clause in the Eighth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments (Doc. 1 at 8; Doc. 9 at 12–13). The R&R recommends dismissing this claim as non-cognizable as a state law issue (Doc. 11 at 22). This Court adopts this recommendation and dismisses Claim Three. *See Hart/Cross v. United States*, 145 F.3d 1331 (6th Cir. 1998).

### CONCLUSION

For the foregoing reasons, this Court adopts the R&R (Doc. 11) and denies the Petition (Doc. 1). Further, because Adams has not made a substantial showing of the denial of a constitutional right, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 30, 2015